UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Moses Telford, Jr., # 47118,<br><br>      Plaintiff,<br><br>vs.<br><br>Walter Shawn McDaniels,<br><br>      Defendant. | ) C/A No. 0:06-1701-HFF-BM<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

Plaintiff, a pre-trial detainee confined at the Alvin S. Glenn Detention Center, has filed this matter pursuant to 42 U.S.C. § 1983. Plaintiff claims the defendant, a Richland County Sheriff's Deputy, used a falsified statement to arrest him, and seeks damages for pain and suffering, loss of his business, and slander.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).



However, even under this less stringent standard, this complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

First, insofar as the plaintiff's pre-trial detention and pre-trial proceedings are concerned, Plaintiff's complaint is subject to summary dismissal because a right of action with respect to the plaintiff's detention and pending criminal proceedings has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477 (1994), which held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*See also* Schafer v. Moore, 46 F.3d 43 (8th Cir., January 27, 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Woods v. Candela, 47 F.3d 545, (2nd Cir. 1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808 (1995). *See also* Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996). *Accord* Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees. *See* Nelson v. Murphy, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent



of federal-defense removal by filing an independent § 1983 suit."); Norris v. Super Cab Co., 1994 WESTLAW® 665193 (N.D.Cal., November 15, 1994). In Daniel v. Ruph, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994), a district court applied the holding in Heck v. Humphrey to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice. * * *

Daniel v. Ruph, supra, 1994 WESTLAW® 589352 (footnote following quotation omitted). In an earlier case, Norris v. Patsy, 1994 WESTLAW® 443456 (N.D.Cal., July 29, 1994), the court noted that, under Heck v. Humphrey, supra, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED." Also on point is Hudson v. Chicago Police Department, 860 F. Supp. 521 (N.D.Ill. 1994), which held that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings." *Accord* Babcock v. Collord, supra, 1994 WESTLAW® 374528 (complaints subject to dismissal under Heck v. Humphrey can be dismissed under 28 U.S.C. § 1915(d)).

Further, absent extraordinary circumstances, federal district courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Taylor v. Taintor, 83 U.S. 366, 370 & n. 8 (1873);[*] Harkrader v. Wadley, 172 U.S. 148, 169-

---

[*] Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green v. State, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v.



170 (1898); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990).  In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52.  *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).  In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

In addition, the plaintiff's claims relating to slander are subject to summary dismissal because defamation of character or of reputation is not actionable under 42 U.S.C. § 1983.  Paul v. Davis, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 1989 U.S. LEXIS® 1039 (1989). Further, under longstanding South Carolina case law, contents of governmental records – such as judicial proceedings, case reports, published cases, investigative reports, or arrest records – do not give rise to liability for slander or libel.  *See* Heyward v. Cuthbert, 15 S.C.L. (4 McCord) 354, 356-359 (1827); and Padgett v. Sun News, 278 S.C. 26, 292 S.E.2d 30, 32-33 (1982).

It is also well settled that plaintiff cannot recover damages for "pain and suffering" because



State, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).



he was not physically harmed by the defendant.  There is no federal constitutional right to be free from mere emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims.  *See* Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied*, City of Borger v. Grandstaff, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989).  *See also* the Prison Litigation Reform Act, Public Law 104-134, 110 U.S.Stat. 1321, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983; Taifa v. Bayh, 1996 WESTLAW® 441809, *4 (N.D.Ind., June 6, 1996)(*citing* the Prison Litigation Reform Act); Sisk v. Branch, 86 F.3d 1163, 1996 WESTLAW® 285563 (9th Cir., May 20, 1996)(plaintiff failed to show that his alleged emotional distress was caused by any violation of the defendants); and Hargrove v. Henderson, 1996 WESTLAW® 467516 (M.D.Fla., August 13, 1996)("The mental, physical, and emotional status of individuals, whether in or out of custody, do deteriorate and there is no power on earth to prevent it. . . .  We decline to enter this uncharted bog.").

**RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after



docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

***<u>The plaintiff's attention is directed to the important notice on the next page.</u>***

                                                         Bristow Marchant
                                                       United States Magistrate Judge

Columbia, South Carolina

July 11, 2006



**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina  29201
